UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DARRYL COUSINS,

           Petitioner,                      Case No. 1:17-cv-79

v.                                                            Honorable Paul L. Maloney

BONITA HOFFNER,

           Respondent.

_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Darryl Cousins presently is incarcerated at the Lakeland Correctional Facility. Petitioner pleaded guilty in the Allegan County Circuit Court to third-degree criminal sexual conduct involving a person between 13 and 15 years of age, MICH. COMP. LAWS § 750.520d(1)(a). On August 19, 2011, the court sentenced Petitioner to a prison term of 156 to 270 months.

Petitioner filed an application seeking leave to appeal his sentence to the Michigan Court of Appeals and the Michigan Supreme Court, raising a challenge to the scoring of a sentencing variable. The appellate courts denied leave to appeal on June 27, 2012 and October 22, 2012, respectively. Petitioner did not petition for certiorari to the United States Supreme Court.

On March 11, 2013, Petitioner filed a motion for relief from judgment in the Allegan County Circuit Court, raising the following issues: (1) ineffective assistance of counsel for failing to allow Petitioner the right to a polygraph examination; and (3) ineffective assistance of counsel for allowing the court to change the motion hearing to a plea hearing without DNA tests or a rape kit being performed. The trial court denied the motion on March 25, 2013. Petitioner sought leave to appeal the trial court's decision to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on August 27, 2013 and October 15, 2013, respectively.

Petitioner filed his application on or about January 18, 2017.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on January 18, 2017, and it was received by the Court on January 23, 2017. Thus, it must have been handed to prison officials for mailing at some time between those dates. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

*Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 22, 2012. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, January 21, 2013.

Petitioner had one year from January 21, 2013, or until January 21, 2014, in which to file his habeas application. Petitioner filed on January 19, 2017. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed his motion for relief from judgment in the trial court on March 11, 2013, tolling his statute of limitations when he had 316 days remaining in his limitations period. Petitioner appealed the motion to both

- 4 -

the Michigan Court of Appeals and the Michigan Supreme Court. The supreme court denied leave to appeal on October 15, 2013, ending the tolling period. Petitioner's statute of limitations began running again on that date, and it expired 316 days later, on August 27, 2014.

Petitioner suggests he is entitled to tolling because, on February 24, 2014, he filed a separate civil action in the Allegan County Circuit Court against the elected Allegan County prosecuting attorney and two assistant prosecuting attorneys. In his action, Petitioner argued that venue for the criminal action was not proper in Allegan County, that he misunderstood the nature of his plea hearing, and that he therefore was falsely charged and falsely imprisoned. In an opinion and order issued on March 10, 2015, the trial court granted summary disposition to Defendants, concluding that the action was legally frivolous. *Cousins v. Anderson et al.*, No. 14-52963-CZ (48th Cir. Ct. Mar. 13, 2015). Petitioner appears to contend that the civil action he filed against the prosecutor should be considered a properly filed collateral motion within the meaning of § 2244(d)(2).

An application for post-conviction relief is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In dismissing the action, the trial court, however, concluded that the action was an improper attack on his conviction that was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Cousins*, No. 14-52963-CZ, slip op. at 8-9. By concluding that Petitioner's independent action against the prosecutor was frivolous, the court implicitly found that it was not "properly filed" within the meaning of § 2244(d)(2). The filing of the action therefore did not toll the statute of limitations.

Moreover, even if the action were considered a properly filed collateral motion under § 2244(d)(2), Petitioner's habeas action nevertheless would be untimely. Because the independent action was filed while the statute of limitations was tolled during the pendency of the motion for relief from judgment, the filing of the motion would have had no immediate effect on the statute of limitations. However, when Petitioner's motion for relief from judgment became final in the Michigan Supreme Court on August 27, 2014, the statute of limitations would have remained tolled until the independent action was final. The trial court dismissed the independent action on March 13, 2015. Petitioner did not appeal to the Michigan Court of Appeals. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months, or until September 13, 2015, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review). As a consequence, at best, Petitioner's statute of

limitations would have begun to run again on September 13, 2015, and would have expired 316 days later, on July 25, 2016. Petitioner did not file his habeas application until January 18, 2017.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse

[late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner neither claims that he is actually innocent nor proffers new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  February 8, 2017              /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).