UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL COUSINS, #220925, )
               Petitioner, )
                ) No. 1:17-cv-79
-v- )
                ) Honorable Paul L. Maloney
BONITA HOFFNER, )
             Respondent. )
                )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Darryl Cousins, a state prisoner, filed a petition for habeas relief under 28 U.S.C. § 2254. The magistrate judge reviewed the petition and issued a report recommending the petition be denied. (ECF No. 2.) The magistrate judge concluded that Cousins' petition is barred by the one-year statute of limitations. Cousins filed objections. (ECF No. 3.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Generally, Cousins' objections do not undermine the conclusion that his petition is barred by the statute of limitations. Cousins does not object to the various dates in the R&R

identifying when the state courts issued their various rulings. Accepting those dates as facts, and accepting the federal law requiring a § 2254 petition to be filed within one year of when the state judgment becomes final, the petition was not timely filed.

Cousins' objections may be resolved without much discussion. The Sixth Circuit Court of Appeals has held that a petitioner does not have the right to assistance of counsel for a habeas petition and, "an inmate's lack of legal training, his poor education, or even his illiteracy" does not provide a basis for tolling the statute of limitations. *Cobas v.* Burgess, 306 F.3d 441, 444 (6th Cir. 2002). With this guidance, most of Cousins' objections have no legal support. His lack of knowledge that he could have filed a petition for certiorari with the United States Supreme Court does not affect any of the factual or legal conclusions in the R&R. Whether Cousins' separate civil action against the state prosecutor was a proper or improper attack on his conviction does not alter the conclusion that his petition was filed after the one-year state of limitation was filed. Proceeding without an attorney and his lack of awareness of the statute of limitation does not undermine the recommendations in the R&R. Finally, Cousins acknowledges that he does not currently have factual evidence to support a claim for actual innocence.

Accordingly, the R&R (ECF No. 2) is **ADOPTED** as the Opinion of this Court. Cousins' petition for habeas relief is **DISMISSED** as untimely. The Court further agrees with the magistrate judge that reasonable jurists would not disagree with the conclusion that the petition was filed after the statute of limitation expired. Therefore, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Date: June 8, 2017              /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge